UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **DANIEL GOTTLIEB**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LYMAN PRODUCTS CORPORATION**, a Connecticut corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:21-cv-411<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **DANIEL GOTTLIEB** ("**GOTTLIEB**" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Right Act (FCRA) for (1) gender/pregnancy discrimination in violation of Title VII, (2) gender/pregnancy/familial status discrimination in violation of the FCRA, (3) retaliation in violation of Title VII, and (4) retaliation in violation of the FCRA.

1

## PARTIES

2. The Plaintiff, **DANIEL GOTTLIEB** ("**GOTTLIEB**") is an individual and a resident of Florida who at all material times resided, in Collier County, Florida, and who worked for the Defendant in Lee County, Florida.

3. Defendant, **LYMAN PRODUCTS CORPORATION** ("**LYMAN**") is a Connecticut corporation, and employed **GOTTLIEB** in Lee County, Florida

4. At all material times, **LYMAN** employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This court has supplemental jurisdiction over **GOTTLIEB**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff currently resides in Collier County, and **LYMAN** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

8. **GOTTLIEB** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on April 12, 2021 and the

instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A).

## GENERAL ALLEGATIONS

9. **GOTTLIEB** began his employment with **LYMAN** on or about March 1, 2018 and worked on a full-time basis.

10. **GOTTLIEB** always performed his assigned duties in a professional manner and was very well qualified for his position.

11. **GOTTLIEB** had no write ups or discipline and he received a 20% pay raise in 2018 and a 10% pay raise in May 2019.

12. On or about October 10, 2019, **GOTTLIEB** requested paternity leave for the birth of his daughter, but his request was denied by his supervisor. No explanation was provided.

13. **GOTTLIEB**'s daughter was born on October 22, 2019 and he then requested a modified work schedule (same number of working hours) instead of paternity leave in order to spend time and assist with care for his newborn daughter and his wife.

14. While this request was approved, the Defendant promptly advertised **GOTTLIEB**'s job and sought to replace him.

15. Less than two weeks later, **GOTTLIEB** was terminated by his supervisor, who stated it was because of **GOTTLIEB**'s "situation at home," meaning his newborn daughter and need for a modified schedule.

16. Similarly situated employees outside of **GOTTLIEB**'s protected class were permitted maternity leave, and thus were treated more favorably.

17. **GOTTLIEB** always performed his assigned duties in a professional manner and was extremely well qualified for his position.

18. The Defendant's decision to terminate **GOTTLIEB**'s employment violated his rights under Title VII/PDA and FCRA.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, GENDER & PREGNANCY DISCRIMINATION

19. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

20. **GOTTLIEB** is a male and as such, is a member of a protected class.

21. At all material times, **GOTTLIEB** was an employee and **LYMAN** was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

22. **GOTTLIEB** was, and is, qualified for the positions that he held with **LYMAN**.

23. The acts, failures to act, practices and policies set forth above constitute intentional discrimination on the basis of **GOTTLIEB**'s gender and/or his wife's pregnancy in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

24. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **GOTTLIEB** has lost benefits and privileges

of his employment and has been substantially and significantly injured in his career path.

24. [sic: 25.]   25.   As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **GOTTLIEB** is entitled to all relief necessary to make him whole as provided for under 42 USC § 2000e et seq.

26.   As a direct and proximate result of **LYMAN**'s actions, **GOTTLIEB** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

27.   **GOTTLIEB** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

   i.   Injunctive relief directing Defendant to cease and desist from all gender harassment;

   ii.  Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi. Punitive damages;

vii. Reasonable attorney's fees plus costs;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, GENDER, PREGNANCY & FAMILIAL STATUS DISCRIMINATION

28. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

29. **GOTTLIEB** is a male and as such, is a member of a protected class.

30. At all material times, **GOTTLIEB** was an employee and **LYMAN** was his employer covered by and within the meaning of the FCRA.

31. **GOTTLIEB** was, and is, qualified for the positions that he held with **LYMAN**.

32. The acts, failures to act, practices and policies of **LYMAN** set forth above constitute intentional discrimination on the basis of **GOTTLIEB**'s gender, his wife's pregnancy and/or his familial status in violation of the FCRA.

33. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **GOTTLIEB** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

34. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **GOTTLIEB** is entitled to all relief necessary to make him whole as provided for under the FCRA.

35. As a direct and proximate result of **LYMAN**'s actions, **GOTTLIEB** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

36. **GOTTLIEB** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all gender harassment;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi. Punitive damages;

vii. Reasonable attorney's fees plus costs;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

## **COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION**

37. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

38. **GOTTLIEB** is a male a person and, as such, is a member of a protected class.

39. At all material times, **GOTTLIEB** was an employee and **LYMAN** was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

40. **GOTTLIEB** was qualified for the positions that he held with **LYMAN**.

41. **GOTTLIEB** complained to **LYMAN** about the gender discrimination (to wit: being denied paternity leave and requesting a modified schedule), and **LYMAN** clearly observed his growing discomfort concerning the same.

42. **GOTTLIEB**'s complaints constitute a protected activity because his complaints were concerning an unlawful activity of **LYMAN**.

43. Said protected activity was the proximate cause of **LYMAN**'s negative employment actions against **GOTTLIEB**.

44. Instead of preventing said treatment, **LYMAN** retaliated against **GOTTLIEB**.

45. The acts, failures to act, practices and policies of **LYMAN** set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

46. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **GOTTLIEB** has lost all of the benefits and

privileges of his employment and has been substantially and significantly injured in his career path.

47. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **GOTTLIEB** is entitled to all relief necessary to make him whole as provided for under 42 USC § 2000e et seq.

48. As a direct and proximate result of **LYMAN**'s actions, **GOTTLIEB** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

49. **GOTTLIEB** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    v.    Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

    vi.    Punitive damages;

    vii.    Reasonable attorney's fees plus costs;

    viii.    Compensatory damages, and;

    ix.    Such other relief as this Court shall deem appropriate.

## **COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION**

50. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

51. **GOTTLIEB** is a male a person and, as such, is a member of a protected class.

52. At all material times, **GOTTLIEB** was an employee and **LYMAN** was his employer covered by and within the meaning of the FCRA.

53. **GOTTLIEB** was qualified for the positions that he held with **LYMAN**.

54. (to wit: being denied paternity leave and requesting a modified schedule), **GOTTLIEB**'s complaints constitute a protected activity because his complaints were concerning an unlawful activity of **LYMAN**.

55. Said protected activity was the proximate cause of **LYMAN**'s negative employment actions against **GOTTLIEB**.

56. Instead of preventing said treatment, **LYMAN** retaliated against **GOTTLIEB**.

57. The acts, failures to act, practices and policies of **LYMAN** set forth above constitute retaliation in violation of the FCRA.

58. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **GOTTLIEB** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

59. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **GOTTLIEB** is entitled to all relief necessary to make him whole as provided for under the FCRA.

60. As a direct and proximate result of **LYMAN**'s actions, **GOTTLIEB** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

61. **GOTTLIEB** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Punitive damages;

vii. Reasonable attorney's fees plus costs;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **DANIEL GOTTLIEB**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: May 25, 2021    **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com